**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Derek L Horstemeyer,<br>　　　　　　　　　　　　Debtor.<br><br>Derek L Horstemeyer,<br>　　　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>Internal Revenue Service,<br>　　　　　　　　　　　　Defendant. | C/A No. 14-04773-DD<br>Chapter 7<br><br>Adv. Pro. No. 15-80003-DD<br><br><br>**ORDER GRANTING MOTION TO**<br>**QUASH SUBPOENA** |

This matter is before the Court on a Motion to Quash Subpoena and/or Notice of Deposition filed by Internal Revenue Service ("IRS") on August 12, 2016 [Docket No. 113]. The IRS's motion requests that the Court quash a subpoena and/or Notice of Deposition issued by plaintiff, Derek L Horstemeyer ("Plaintiff") on August 3, 2016, to David Lowell, a former IRS appeals officer, to appear for a deposition in Dallas, Texas on August 22, 2016. Mr. Lowell is a former employee of the IRS who reviewed Plaintiff's appeal of Notices of Deficiency issued to Plaintiff and his companies. An Order granting the motion was entered by the Court on August 12, 2016 [Docket No. 114]. On August 16, 2016, Plaintiff filed a response to the motion and requested a hearing. [Docket No. 123]. The IRS filed a reply on August 17, 2016 [Docket No. 124]. Plaintiff filed a reply on August 19, 2016 [Docket No. 126]. A hearing was held on August 29, 2016. At the conclusion of the hearing, the Court took the matter under advisement. The Court now issues this order.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 24, 2014, Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code. Plaintiff was a principal in and owner of Derek L. Horstemeyer MD PA ("DLH") and HLN &

Entered: 09/02/2016

Associates, Inc. ("HLN"). The IRS asserts a claim for 1120 income taxes (including penalties and interest) owed by DLH for the years 2001 to 2008, and a claim for 1120 income taxes (including penalties and interest) owed by HLN for the years 2005 and 2006. The IRS asserts that the debtor, Derek L. Horstemeyer, is the alter-ego of DLH and HLN. Under this theory, the IRS argues that the debts of DLH and HLN are also Plaintiff's debts. Plaintiff brought this adversary proceeding to determine the dischargeability of Plaintiff's personal liability for the tax debts owed by DLH and HLN.

In the Adversary Proceeding Report filed jointly on March 28, 2015 [Docket No. 16], the parties stipulated the issue in this proceeding would turn on an alter ego theory and requested sufficient time to complete the necessary discovery to develop the alter ego theory. However, Plaintiff has subsequently attempted to argue the alter ego theory was decided during previous tax court litigation relying on theories of judicial estoppel, collateral estoppel, res judicata, and the duty of consistency doctrine. This argument is the crux of the subpoena issued to David Lowell, which the IRS seeks to quash.

The original scheduling order in this proceeding set a deadline of September 28, 2015 for discovery to be completed. The deadline to complete discovery was twice extended. Pursuant to the Second Order Granting Joint Motion for Extension of Discovery and Other Deadlines, discovery was to be completed in this proceeding on or before January 8, 2016.

The parties stipulated in the Adversary Proceeding Report [Docket No. 16] that the parties would exchange initial disclosures, as required by Fed. R. Civ. P. 26(a)(1)(A)(i),[1] as soon as

---

[1] Federal Rule of Civil Procedure 26(a), made applicable by Federal Rules of Bankruptcy Procedure 7026, requires parties to disclose without awaiting a discovery request the identities "of each individual likely to have discoverable information…that the disclosing party may use to support its claims or defenses."

2

possible.[2]  However, the parties later stipulated they were not going to exchange Rule 26(a) initial disclosures.  To date, neither party has disclosed the witnesses they plan to call at trial.  A Proposed Joint Pre-Trial Order was due September 1, 2016, which should include the witnesses that will be called, or may be called, at trial.

On August 3, 2016, Plaintiff emailed a Notice of Deposition to counsel for the IRS informing the IRS of Plaintiff's intent to take the deposition of David Lowell to preserve his testimony for trial, despite discovery having been completed since January 8, 2016.  The IRS then filed this motion on August 12, 2016 [Docket No. 113].

At the hearing regarding this motion, Plaintiff's counsel noted that in the event the deposition is allowed, Mr. Lowell would testify that he was the IRS appeals officer who reviewed the tax debts owed by Plaintiff personally, DLH and HLN.  Plaintiff's counsel also stated that Mr. Lowell would testify that he reviewed all aspects of the tax litigation, and determined during that review the corporate entities were legitimate, and had he not believed they were legitimate he would have collapsed the entities under an alter-ego theory and placed the entire liability on Plaintiff at that time.

At the hearing on this motion, the IRS stated it had noticed the deposition of at least seven witnesses in addition to issuing subpoenas to third parties, while Plaintiff did not depose any witnesses during the discovery period.  The parties also stipulated at the hearing that Plaintiff only served one set of interrogatories and requests for the production of documents, while the IRS issued three sets of discovery requests to Plaintiff.  Further, the parties noted that in response to Plaintiff's formal discovery requesting who would have knowledge of the facts supporting the IRS's case,

---

[2] The Adversary Proceeding Report stated, "The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) as soon as possible.  The Government is in the process of obtaining the taxpayers' administrative files from the Internal Revenue Service and will be able to complete the disclosures once this information is received."

3

the IRS identified only Derek Horstemeyer, Jill Horstemeyer, and their three children. While the IRS did not specifically request such information, Plaintiff failed to ever disclose Mr. Lowell to the IRS as having knowledge of the facts supporting Plaintiff's case or as a potential witness.

## **ARGUMENTS OF THE PARTIES**

The IRS argues the subpoena should be quashed because Plaintiff issued the notice of deposition more than six months after the close of discovery, and the witness was not identified as a witness likely to have discoverable information by Plaintiff at any time during the nineteen months this litigation has been pending. The IRS argues Plaintiff was required to identify Mr. Lowell in their initial disclosures, as governed by Fed. R. Civ. P. Rule 26(a), made applicable by Fed. R. Bankr. P. 7026. The IRS argues Fed. R. Civ. P. Rule 37(c)[3] precludes Plaintiff from using Mr. Lowell as a witness because of Plaintiff's failure to identify Mr. Lowell as a witness unless the failure was substantially justified or harmless.

The IRS argues Plaintiff's failure to disclose the witness is not substantially justified or harmless. The IRS argues the failure to disclose creates an unfair surprise that the IRS is unable to cure, and allowing the deposition will create a disruption of trial. Further, the IRS argues Mr. Lowell's testimony is not relevant to the issue of alter ego, the crux of this case, because this Court has already determined the tax litigation did not address alter ego. Finally, the IRS argues the Plaintiff has no justification for failing to disclose the witness prior to August 3, 2016.

Plaintiff argues that no deadline to disclose Mr. Lowell as a witness has passed. Plaintiff points to Fed. R. Civ. P. Rule 26(a)(3), which states that a party must provide the name of each witness the party expects to present at trial at least 30 days before trial, and argues the identity of

---

[3] Fed. R. Civ. P. Rule 37(c), made applicable by Fed. R. Bankr. P. 7037, states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

4

Mr. Lowell as a witness did not need to be disclosed until thirty days before trial. Because Plaintiff argues there has been no failure to disclose, Plaintiff argues that Fed. R. Civ. P. Rule 37(c), made applicable by Fed. R. Bankr. P. 7037, which prohibits the use of a witness that was not properly disclosed is not applicable. In support of the argument that no deadline for disclosing Mr. Lowell as a witness has passed, Plaintiff points out that the IRS has not yet disclosed its witnesses to Plaintiff.

Plaintiff also argues the purpose of the deposition is to preserve Mr. Lowell's testimony for trial (*de bene esse* deposition), and to use the deposition transcript as Mr. Lowell's testimony at trial because he is an unavailable witness, as he is more than 100 miles from the place of hearing or trial. Plaintiff argues a preservation deposition is not taken for the purpose of discovery but taken to preserve testimony, which allows the deposition to be taken outside of the discovery period.

Plaintiff argues Mr. Lowell's testimony is relevant for information that goes to the factors the Court will evaluate under South Carolina law to determine the alter ego issue, and whether Plaintiff willfully evaded the corporate taxes that were at issue in the tax litigation.

## ANALYSIS

**I.** *De Bene Esse* **Distinction**

Fed. R. Civ. P. Rule 30,[4] made applicable by Fed. R. Bankr. P. 7030, governs depositions taken by oral examination; Fed. R. Civ. P. Rule 31,[5] made applicable by Fed. R. Bankr. P. 7031, governs depositions taken by written questions; Fed. R. Civ. P. Rule 32,[6] made applicable by Fed.

---

[4] Rule 30 states, "a party may, by oral questions, depose any person, including a party…"
[5] Rule 31 states, "a party may, by written questions, depose any person, including a party…"
[6] Rule 32 states, "at a hearing or trial, all or part of a deposition may be used against a party…. An adverse party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: (A) that the witness is dead; (B) that the witness is more than 100 miles from the place of hearing or trial…."

5

R. Bankr. P. 7032, governs using depositions in court proceedings. A *de bene esse* deposition is a deposition taken for the purpose of preserving witness testimony for trial. *See Patterson v. Western Carolina University*, No. 2:12CV3, 2013 WL 1629132, at *1 (W.D.N.C. April 16, 2013) ("[T]he purpose of *de bene esse* depositions is to preserve testimony for trial."). Nothing in the deposition rules of the Federal Rules of Civil Procedure creates an exception for a deposition for the purpose of preserving testimony, or a so-called *de bene esse* deposition. The Notes of Advisory Committee on Rules for Rule 30 make clear that the rule drafters no longer make a distinction between discovery depositions and *de bene esse* depositions. *See* Fed. R. Civ. P. 30, Notes of Advisory Committee on Rules—1970 Amendment. The Court of Appeals for the Fourth Circuit previously held "the Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)." *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991).

Similar to this situation, in *Tube City IMS, LLC v. Severstal U.S. Holdings, LLC*, No. 5:12CV31, 2014 WL 4782957 (N.D.W.Va. Sept. 24, 2014), the plaintiff sought to depose a witness who was outside of the 100 mile subpoena power of the court after discovery had ended. The court noted, the "deposition is sought after discovery has closed and with little time for the defendants to prepare for a deposition before trial. The Fourth Circuit has not recognized a right to such a deposition." *Tube City*, 2014 WL 4782957 at *3 (N.D. W. Va. Sept. 24, 2014).

Some district courts from within the Fourth Circuit have allowed *de bene esse* depositions to be taken after the discovery period has closed. *See Lucas v. Pactiv Corp.*, No. 5:08CV79, 2009 WL 5197838, at *4 (W.D.Va. Dec. 22, 2009) (denying defendant's motion to quash de bene esse depositions and rejecting defendant's argument that the depositions should have been taken during the discovery period); *Bouygues Telecom, S.A. v. Tekelec, Inc.*, 238 F.R.D. 413, 414 (E.D.N.C.

6

2006) (noting distinction between discovery and de bene esse depositions). However, those cases involved local rules that specifically permit *de bene esse* depositions outside of the discovery period. In this case, no local rule addresses taking *de bene esse* depositions outside of the discovery period. Thus, Plaintiff has no absolute right to take a *de bene esse* deposition of Mr. Lowell.

### II. Court's Discretion

Despite case law authorities that there is no absolute right to take a *de bene esse* deposition after the discovery period has closed, it is within the court's discretion to allow such a deposition to occur. Application of the fairness principle in this case makes it inappropriate to allow Plaintiff to conduct this deposition more than eight months after the close of discovery. Despite the discovery period deadline being extended twice, Plaintiff allegedly failed to take a single deposition during that period. Now, eight months after the close of discovery Plaintiff wishes to depose a witness whom it appears he knew about during the entirety of this litigation and knew the witness was located beyond the 100 mile subpoena limitation.

Further, the Court is not convinced that Mr. Lowell's testimony is relevant or necessary to the ultimate issues to be decided at trial. Plaintiff noted at the hearing on this motion that Mr. Lowell would testify that he had already made the determination as to alter ego, but nothing has been suggested that Mr. Lowell is qualified to offer an opinion as to that theory that would be persuasive to this court. Plaintiff has indicated that Mr. Lowell is a fact witness, not an expert; therefore, he cannot give his opinion as to the legal issue of alter ego status in the context of this adversary proceeding. Additionally, his determination in the context of the tax liability of each entity is not necessarily relevant to questions regarding the alter ego determination in the collection and dischargability contexts. In any event the tax court litigation in which Mr. Lowell was the IRS appeals officer was ultimately settled as to the liability of the parties, and this adversary proceeding

is concerned with collection, not liability.  Therefore, the extent to which Mr. Lowell's testimony is relevant and necessary is not compelling enough to persuade this court to allow his deposition to be taken this close to trial.  Additionally, the Proposed Joint Pre-Trial Order [Docket No. 129] has already been filed, and the parties have submitted their trial exhibits.  Allowing Mr. Lowell's depositions to be taken may cause a delay in the trial schedule.

For these reasons, the Court will not exercise its discretion to allow Plaintiff to take the deposition of Mr. Lowell.

### CONCLUSION

For the reasons set forth above, the subpoena and/or Notice of Deposition served by Plaintiff is improper.  IRS's Motion is granted.  Plaintiff's subpoena is quashed.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**09/02/2016**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 09/02/2016

8